ADAM ROWE, Appellee, v. CHARLES L. ROWE et al., Appel-
lants.

EVIDENCE:   Parol as Affecting Writing—Agreement for Convey-
1   ance as Constituting Settlement.   It is competent to show by
    parol evidence that an agreement between a father and his
    children for the conveyance to him by them of a life estate in
    his farm, which he had previously conveyed to them, was en-
    tered into in settlement of a demand made by the father for a
    reconveyance of the land itself.

COMPROMISE AND SETTLEMENT:   Consideration—Life Estate
2   in Lieu of Reconveyance.   Where a conveyance by children to
    their father of a life estate in a farm was in settlement of his
    claim for a reconveyance of the land itself, the life lease was
    supported by a consideration.

COMPROMISE AND SETTLEMENT:   Conveyance of Life Estate as
3   Settlement—Sufficiency of Evidence.   Evidence reviewed, in an
    action to set aside a conveyance by a father to his children,
    and held sufficient to establish that a conveyance by the chil-
    dren to the father of a life estate in the land which he had
    previously conveyed to them was a settlement of the father's
    claim for the reconveyance of the land.

*Appeal from Keokuk District Court.*—K. E. WILLCOCKSON,
Judge.

OCTOBER 25, 1919.

SUIT in equity to quiet title and to set aside deed on
the ground of the fraud of the grantees and mental incom-
petency of the grantor.   There was a decree for the plaintiff,
and defendants appeal.—*Reversed.*

*Wagner & Updegraff,* for appellants.

*F. L. Gollener,* and *Talley & Snakenberg,* for appellee.

EVANS, J.—The defendants are the four children (two
sons and two daughters) of the plaintiff.   In April, 1916,
they received from him a warranty deed of his farm, which

consisted of 173 acres, of the value of $23,000. A few months later, he demanded a reconveyance to himself. The result of this demand was that his children conveyed to him a life estate in the premises. The allegations of fraud and mental incompetency are denied by the defendants. They also plead a settlement, whereby they conveyed to the plaintiff the life estate. The plaintiff denies that he accepted the conveyance of a life estate in settlement.

At the time of the conveyance by the plaintiff, he was 74 years of age. In the year 1915, he had married a second wife. In February, 1916, he began an action of divorce against her, and was confronted with a large claim for alimony, amounting to one third of his estate. In April, and while the divorce suit was pending, he was taken with an illness which continued for several days, and which greatly imperiled his life. It was during the convalescing days of this illness that the deed in question was made. At his request, an effort was made by his attorney and sons to get a settlement with the wife of the question of alimony. This effort was successful, in that the wife agreed to accept the sum of $1,800 in full settlement. The situation confronting the plaintiff, however, was that the settlement could afford him no protection while the marriage relation existed. It was not certain that he could attend the next term of court in June to prosecute his divorce case to a decree, nor was it certain that his evidence was sufficient to obtain a decree. We are satisfied from the evidence that he was concerned about the saving of his estate to his children, in the event of his death. He knew, also, that the settlement with his wife would not prevent her from taking her share in his estate, in the event that she survived him as his wife. The plan proposed, therefore, by his counsel, and assented to by him, was to convey his farm to his children, and to have the wife join in the conveyance. This was accordingly done, and the settlement money was paid to the

wife. The deed thus made was duly recorded. A decree of divorce was obtained in June. Sometime thereafter, and not before, the plaintiff demanded a reconveyance from his children. This was the beginning of the controversy. He called upon one of his counsel who had represented him in the divorce proceeding, and sought to employ him to bring action against his children for the recovery of the land. This counsel declined the employment. He advised the plaintiff, however, that he himself thought that the children ought to give him a life estate in the land, and that he would undertake to see them, with a view to getting them to do this. The plaintiff said to such counsel that "that was all he wanted." The result was that such counsel did get the parties together, and the children did convey to their father a life estate in the land. The plaintiff gave no indication of dissatisfaction with such settlement at that time. On the contrary, he induced his daughter Mrs. Cave and her husband to move upon the premises, and to live with him thereon. He entered into a lease with them whereby he rented the farm to them, and whereby they agreed to board and lodge him and to pay an additional rental of $650. Subsequently, he became dissatisfied, and this suit is the result. The case is purely a fact case. A careful reading of the evidence, which includes that of the doctor and the nurse, satisfies us that the plaintiff signed the deed voluntarily and intelligently, and that he did so for the purpose of creating a bar against any assertion of interest by the wife in the real estate, in the event of his death before obtaining a decree of divorce. The deed served that purpose from April to June, when he obtained his decree. If the deed was only colorable, it could not rightly have served such purpose; neither could it have done so if it had been obtained from the plaintiff by fraud. Consistency and honesty of conduct on the part of the plaintiff might well require that the deed be held bona fide by

him and valid against him, but we shall not dwell upon that phase of the case. Whatever ground of controversy there was between the father and his children over the fact that he had stripped himself of all of his real estate and had conferred it upon them, it was fully merged in the subsequent settlement between them. It is earnestly urged by the appellee that there was no settlement, and that the life lease executed by the defendants to the plaintiff was voluntary and without consideration. The paper signed by the father and children on September 4, 1916, was as follows:

"Witnesseth: That whereas, the party of the second part did during the year 1916 execute a deed conveying to the parties of the first part the following described real estate, situated in Keokuk County, Iowa, to wit: The west fractional half of the northwest quarter of Section 7, Township 76 North, Range 10 West of the 5th P. M. and the north half of the northwest quarter of Section 12, Township 76 North, Range 11 West of the 5th P. M.

"And whereas it is desirous of all the parties hereto that said party of the second part have the use and control of said real estate during his natural life.

"It is therefore agreed by and between the parties hereto and the parties of the first part hereby lease to the said party of the second part, the real estate above described, he to have the use and control thereof during his natural life free from rent and have the privilege of leasing the same and collecting the rents therefrom. And he, the said party of the second part, is to pay no consideration for the use of said real estate during his natural life except that he pay the taxes thereon. The intention hereby being to convey to the said party of the second part a life estate therein.

"It is further agreed that in case the said party of the second part should die during the unexpired yearly lease of said real estate to a third party, then said third party

shall have a right to occupy the premises under the lease so contracted with second party until the 1st of March following the death of the second party."

The foregoing does not in terms purport to be a settlement. It was competent, nevertheless, to show by parol that it was entered into in settlement of the demand made by the plaintiff for reconveyance of the land.

1. EVIDENCE: parol as affecting writing: agreement for conveyance as constituting settlement.

We think such facts are clearly established. The plaintiff signed this paper and accepted it. His acceptance of it was clearly inconsistent with any continuing claim of absolute title. The contention of the appellee that parol evidence was not admissible to show the fact of settlement is not well taken.

Appellee's claim of lack of consideration for this paper is based upon the language of the paper itself, as follows:

"And he, the said party of the second part, is to pay no consideration for the use of said real estate during his natural life except that he pay the taxes thereon."

It is urged first by the appellee that, because the contract declares in terms that there is no consideration therefor, such declaration must be taken as true. The appellee has not carefully analyzed the language of the contract above quoted. It is not a statement that there is no consideration for the contract. On the contrary, it is a part of the contract that the plaintiff was to pay no consideration *for the use of the land.*

2. COMPROMISE AND SETTLEMENT: consideration: life estate in lieu of conveyance.

This was only another way of saying that the contract conferred upon him a life estate rent free. The position of the plaintiff at this point is somewhat anomalous. Ordinarily, the plea of want of consideration is put forth by the undertaking party. In this case, the plaintiff, as the beneficiary of the life lease, pleads its invalidity for want of consideration. The further argument is that, because the

life lease was invalid for want of consideration, it was not effective as a settlement. This is only a method of running away from the real question which must be faced. If the life lease was given pursuant to a settlement, then the settlement was a consideration for the lease. If the conveyance of the life estate was not made pursuant to a settlement, then it is quite unnecessary for the plaintiff, and against his interest as well, to plead a want of consideration for the conveyance under which he holds his present enjoyment of the life estate. It would be enough for his purpose to show that there was no settlement.

3. Compromise and Settlement: conveyance of life estate as settlement: sufficiency of evidence.

The trial court held that the life lease was without consideration, and, therefore, ineffective as a settlement. This was erroneous. The evidence discloses that there was a settlement of the controversy, precipitated by the plaintiff's demand for a reconveyance. The settlement fully and fairly carries out the original purpose of the plaintiff, to protect his estate against any future demands for alimony or dower. The decree below must, accordingly, be—*Reversed.*

Ladd, C. J., Preston and Salinger, JJ., concur.